IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BROOKE E. HOLFORD,
                      *Plaintiff*,
          v.

LORI A DIFABIO, *et al.*,
                      *Defendants*

CIVIL ACTION
NO. 21-02261

**PAPPERT, J.**                                             **June 8, 2022**

<u>**MEMORANDUM**</u>

Brooke Holford contends her father Keith Holford forged her signature as a co-signer on his residential lease. (Compl., ECF 1, ¶ 63.)  After state court judgments for unpaid rent were entered against them, she filed this lawsuit alleging the lease was "used to create false and fraudulent judgments" to "extort" her.[1]  (*Id.* ¶ 64.)  The Court dismissed her claims against Jessica Kubisiak, Fox & Roach, Matthew Russo and Daniel Diaz and denied leave to amend because "[n]o amendment could establish that any Defendant had a legal duty to Holford to verify the validity of her signature on the lease documents" her father forged.  (ECF 36 at 17.)  She seeks reconsideration or certification for an interlocutory appeal (ECF 38) and the Court denies both requests.[2]

I

To begin, Holford waited too long to file her motion.  She filed it on January 4, 2022, 29 days after the Court's December 6, 2021 dismissal with prejudice of her claims

---

[1]      The Court provided a detailed summary of Holford's allegations and the facts underlying this dispute in its prior Opinion.  *See Holford v. DiFabio*, No. 21-02261, 2021 WL 5769550 (E.D. Pa. Dec. 6, 2021).  Keith Holford was never a party to Brooke Holford's lawsuit and, on October 19, 2021, her counsel informed the Court that Mr. Holford died.  (*See* Oct. 19, 2021 letter, ECF 34-2.)

[2]      The Court may decide Holford's reconsideration motion without oral argument.  *See* Fed. R. Civ. P. 78; E.D. Pa. Loc. R. 7.1(f).  The same was true with respect to the motions to dismiss.

against Kubisiak, Fox & Roach, Russo and Diaz.

Holford does not say whether she brings her motion under Local Rule of Civil procedure 7.1(g) or under Federal Rule of Civil Procedure 59(e), but it is untimely under both.  Local Rule 7.1(g) provides a fourteen-day deadline for reconsideration motions, "other than those governed by Federal Rule of Civil Procedure 59(e) . . . ."  E.D. Pa. Local R. Civ. P. 7.1(g).  Rule 59(e) motions to "alter or amend a judgment" must be filed no later than twenty-eight days after the entry of a judgment.  Fed. R. Civ. P. 59(e).

Because Holford effectively asks the Court to alter and amend the December 6 Order, Rule 59(e) governs.  *See Wiest v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013).  Its deadline is mandatory; the Court has no discretion to extend it.  *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *see also* Fed. R. Civ. P. 59(e) advisory committee's note to 2009 amendment ("Rule 6(b) continues to prohibit the expansion of the 28-day period."); *Am. Patriot Ambulance Serv., Inc. v. ZOLL Data Sys., Inc.*, No. CV 21-1709, 2021 WL 5071510, at *1 (E.D. Pa. July 14, 2021) (denying rule 59(e) motion because it was "untimely by one day").

## II

Even if her motion was timely, Holford has not met her burden to show that reconsideration is appropriate.  She must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Motions for reconsideration should be granted "sparingly" and should not be used to "rehash arguments which have already been briefed by the parties and considered and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (citation omitted). A reconsideration motion may address "only factual and legal matters that the Court may have overlooked" and should not "ask the Court to rethink what it had already thought through – rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted). Reconsideration does not provide a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Nor can it be used to assert new arguments "that a party should have raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (internal quotation and citation omitted).

Holford points to no change in controlling law or new evidence. By default she seems to argue that the Court committed a clear error of law when it granted the defendants' motions to dismiss. Even then, she merely rehashes the arguments the Court previously considered, with the bizarre refrain that the Court would have ruled differently if the plaintiff were Jeff Bezos. (*See* Pl.'s Mot., ECF 38 at 4, 9-10, 22-23.) She claims the Court "ignored the actual facts" pled. (*See* Pl.'s Mot., ECF 38 at 5-6.) The Court didn't ignore or overlook anything Holford pled or argued. Her contentions were addressed at length, rejected and remain meritless for the reasons previously explained. *See Holford v. DiFabio*, No. 21-02261, 2021 WL 5769550 (E.D. Pa. Dec. 6, 2021).

Holford cannot show the Court clearly erred in its application of Pennsylvania's

judicial privilege to her claims against Kubisiak, Fox & Roach, Russo and Diaz. "The privilege is absolute and cannot be destroyed by abuse." *Pawlowski v. Smorto*, 588 A.2d 36, 41 (Pa. Super. Ct. 1991). Its existence does not depend on the Defendants' "motive" when they made allegedly defamatory statements in the landlord/tenant actions. *See id*. It "exists, in part, because the courts have other internal sanctions against defamatory statements, such as perjury and contempt proceedings." *Milliner v. Enck*, 709 A.2d 417, 421 (Pa. Super. Ct. 1998) (citing *Binder v. Triangle Publications, Inc.*, 275 A.2d 53, 56 (Pa. 1971)).

On reconsideration, Holford adds the twist to her argument that these "internal sanctions" are "mandatory" and the Court was required to "employ" them and reject application of the judicial privilege. (*See* Pl.'s Mot. ECF 38 at 10-19.) She could have raised this argument before and did not. Even if she had, the Court was not required to impose any such sanctions and reject application of the privilege. Rather, Holford should have pursued the imposition of those sanctions in the state court proceedings where the statements were made. *See Milliner v. Enck*, 709 A.2d 417, 421 (Pa. Super. Ct. 1998) (explaining that "if appellant felt aggrieved by appellees' [judicially privileged] statements, it could have" challenged the statements in the underlying unemployment compensation proceeding).

To withstand dismissal, Holford was required to set forth sufficient facts, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). She did not. As she did in her responses to Defendants' Motions to Dismiss, she again maintains the Complaint's allegations are sufficient to support her claims. She contends Russo – the listing agent – and Lori DiFabio – the property

manager – "lied" in affidavits "created" by Kubisiak – an attorney involved in the state court proceedings, resulting in the allegedly false certification of fraudulent judgments against her.  (*See* Pl.'s Mot., ECF 38 at 8-9, 11.)  But she has not directed the Court to any allegations it failed to notice before.  Holford's alleged injuries stem from her father's fraud when he executed the lease using her name "without her knowledge, consent or authorization" (Compl., ECF 1, ¶ 62), not from allegedly "powerful, manipulative professionals who knew how to manipulate courts through fraud . . . ." (Pl.'s Mot., ECF 38 at 23.)  Reconsideration does not change that conclusion.

III

Alternatively, Holford asks the Court to certify its decision for an interlocutory appeal.  (*See* Pl.'s Mot., ECF 38, at 2; Pl.'s Amended Reply, ECF 43, at 6.)  Certification for interlocutory appeal is "the exception" and will only be granted "in the rare case where an immediate appeal would avoid expensive and protracted litigation."  *Titelman v. Rite Aid Corp.*, No. 00-2865, 2002 WL 32351182, at *1 (E.D. Pa. Feb. 5, 2002).  Holford has not shown how her request meets the threshold requirements for certification, i.e., (1) the order involves a controlling question of law (2) upon which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  All three criteria must be satisfied.  *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 644 (E.D. Pa. 2010).  Even if they are, the decision to certify an appeal is discretionary.  *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.").

Holford has not clearly identified a controlling question of law, nor has she shown how there is any substantial ground for a difference of opinion. *See Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02-7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005) ("Substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard."). "Mere disagreement with a ruling" is not a "substantial ground for difference of opinion . . . ." *In re Powell*, No. 06-4085, 2006 WL 3208843, at *2 (E.D. Pa. Nov. 3, 2006).

Nor is it clear that an immediate appeal will materially advance the ultimate termination of this lawsuit. It would not "(1) obviate the need for trial; (2) eliminate complex issues, thereby greatly simplifying the trial; or (3) eliminate issues thus making discovery much easier and less costly." *Wheeler v. Beard*, No. 03-4826, 2005 WL 2108702, at *3 (E.D. Pa. Aug. 31, 2005) (citation omitted). And her claim against remaining Defendant Lori DiFabio remains stayed under 11 U.S.C. § 362 regardless of any interlocutory appeal. [3]

In any event, this is not the kind of exceptional case that 1292(b) certification was intended to address when considering the "policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment". *L.R. v. Manheim Tp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (citation omitted).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[3] DiFabio has filed a voluntary petition for Chapter 11 bankruptcy.